# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,              CASE NO. 18-20634
                                   HON. DENISE PAGE HOOD

v.

STANFORD LARKIN,

       Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION TO REVOKE DETENTION ORDER AND FOR RELEASE ON BOND [#15]

### I. BACKGROUND

On September 18, 2018, an Indictment was filed against Stanford Larkin ("Larkin"), charging him with one count of Felon in Possession of a Firearm (18 U.S.C. § 922(g)(1)). (Doc # 1) On October 4, 2018, Larkin appeared for arraignment, consented to federal detention, and reserved the right to raise the issue of bond at a later date. (Doc # 10; Doc # 15, Pg ID 30) When Larkin agreed to federal detention, he was already in state custody serving a sentence in the Washtenaw County Jail. (Doc # 15, Pg ID 30) Larkin completed his state sentence on October 24, 2018. (*Id.*) After Larkin finished serving his state sentence, he was

1

released into the custody of the U.S. Marshals and is currently being held at the Livingston County Jail. (*Id.*)

On January 11, 2019, Larkin filed a Motion to Revoke Detention Order and for Release on Bond. (Doc # 15) The Government filed its Response on January 14, 2019. (Doc # 16) This Motion is currently before the Court.

## II. MOTION FOR BOND

### A. Standard of Review

The Court may review the Magistrate Judge's order detaining a defendant. 18 U.S.C. § 3145(b). A review of a Magistrate Judge's detention order is a *de novo* hearing. *United States v. Koubritti,* 2001 WL 1525270 at *5 (E.D.Mich. Oct.16, 2001); *United States v. Jones,* 804 F.Supp. 1081 (S.D.Ind.1992); *United States v. Delker,* 757 F.2d 1390, 1394 (3d Cir.1985). The court may order detention of the Defendant if it finds that no set of conditions, or combination of conditions, will reasonably assure the Defendant's appearance and the safety of the community. *See* 18 U.S.C. § 3142(f). The Government has the ultimate burden of proof by clear and convincing evidence that the defendant presents a danger to the community and that no condition or combination of conditions could reasonably assure the safety of the defendant or of other persons and the community. *United States v. Hazime,* 762 F.2d 34, 37 (6th Cir.1985). Factors to be considered by the district court in making this determination include: (1) the nature and circumstances of the offense charged; (2)

the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release (i.e., "the Section 3142(g) factors"). Each factor is addressed below.

### B. Analysis

#### 1. Nature and Circumstances of the Offense

Larkin allegedly knowingly possessed a firearm and ammunition. Under 18 U.S.C. § 3142(g)(1), courts are required to consider various factors when reaching a conclusion as to the nature and circumstances of a defendant's offense. One of these factors is whether a defendant's alleged crime involves a firearm. Since Larkin is alleged to have possessed a firearm, the Court finds that this factor weighs in favor of the Government.

#### 2. Weight of the Evidence

The weight of the evidence is against Larkin because the Indictment establishes probable cause for the offense. *United States v. Hazime*, 762 F.2d 34, 37 (6th Cir. 1985). The Indictment alleges that on or about September 23, 2017, Larkin possessed a Glock Model 27 .40 caliber pistol and eight rounds of .40 caliber ammunition. This factor weighs in favor of the Government.

#### 3. History and Characteristics

Larkin has a significant criminal history. Larkin has four prior felony convictions and two of these convictions involve a weapon. Larkin is also currently on probation for a crime that he was convicted of in Washtenaw County. Further, Larkin has a history of schizophrenia and it is unknown whether he is being treated for this illness at this time. Larkin does not ask the Court to disregard his criminal history, but requests that the Court consider that he has a heart condition. Specifically, Larkin asks the Court to consider the costs involved with having the U.S. Marshals treat his heart condition. Even though the Court acknowledges that Larkin suffers from a heart condition, the Court will not take his condition into consideration when assessing the status of Larkin's pretrial release request because Larkin has not indicated that his condition cannot be monitored or treated while he remains detained. This factor weighs in favor of the Government because Larkin's criminal past makes him a potential danger to the community.

### 4. Nature and Seriousness of the Offense

Larkin has been charged with possession of a firearm, which the Court considers to be serious. The sequence of events that allegedly involve the use of the Glock Model 27 .40 caliber pistol are similarly serious. As the Government indicates, these events allegedly include: (1) a fight; (2) two shootings; and (3) Larkin's involvement in drug dealing. While taking into consideration the crime that Larkin was charged with committing in combination with the other incidents

that relate to the charge, the Court finds that this factor weighs in favor of the Government.

### 5. Flight Risk

Larkin argues that he is not a serious flight risk and would appear at future court proceedings. Larkin mentions that if released on bond, he could reside with his cousin in Ypsilanti, Michigan and claims that his cousin would be willing to be a third-party custodian. It is also Larkin's contention that there are conditions that could be implemented that could reasonably assure the safety of the community and would guarantee his attendance at future court proceedings. The Government responds by arguing that Larkin's cousin would not be fit to be his third-party custodian at this time because pretrial services has not investigated Larkin's cousin or his residence.

It has been determined by pretrial services that Larkin's cousin would not be a suitable third-party custodian because his residence is an inadequate living space for the purpose of housing Larkin. The Court also recognizes that Larkin has not identified another residence where he could stay while on bond. However, pretrial services has additionally found that Larkin has no history of fleeing or failing to appear at his court proceedings. The Court finds that this factor weighs in favor of neither party.

Weighing the factors with information privy to the Court at this time, the Court finds that there is no combination of conditions that would reasonably assure the safety of the community. While Larkin might not be a flight risk if he were to be released on bond, he is still a potential danger to society due to the nature of the offense that he is charged with committing and his history of schizophrenia. The Court **DENIES** Larkin's Motion.

## III. CONCLUSION

For the reasons set forth above,

**IT IS HEREBY ORDERED** that Defendant Stanford Larkin's Motion to Revoke Detention Order and for Release on Bond (Doc # 15) is **DENIED**.

```
                                        s/Denise Page Hood
                                        DENISE PAGE HOOD
DATED:  March 14, 2019                  Chief Judge, U. S. District Court
```